UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA EDMOND KLOSOWSKI,

        Petitioner,

        Case No. 12-cr-20458

v

        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,
        Magistrate Judge Patricia T. Morris

        Respondent.
_____/

**ORDER GRANTING MOTION FOR EXTENSION OF TIME, OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255, DISMISSING PETITIONER'S PETITION, DENYING PETITIONER'S MOTION TO TAKE JUDICIAL NOTICE, DENYING MOTION FOR ORDER, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

    On August 8, 2012 a two-count indictment was issued charging Petitioner Klosowski with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and knowing distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). A superseding indictment issued on August 22, 2012 then charged Klosowski with ten additional counts, including distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), distribution of heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860(a), and use of a person under the age of 18 to assist in distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(C), and 861(a)(2). On March 12, 2013 Klosowski pled guilty to conspiring both to possess heroin with intent to distribute, and to distribute 100 grams or more of heroin within 1,000 feet of a school. ECF No. 34. Klosowski was then sentenced on June 13, 2013 to 262 months of imprisonment, 16 years of

supervised release, and a special assessment of $100. ECF No. 28. Judgment was entered on June 20, 2013. *Id.*

Klosowski filed an appeal with the Sixth Circuit on June 20, 2013, and on April 16, 2014, the Sixth Circuit affirmed his sentence. ECF No. 40. In so affirming, the Sixth Circuit rejected Klosowski's claim that his guilty plea was neither knowing nor voluntary, and instead found that the plea agreement was clear and that Klosowski had received the sentence for which he had bargained. *Id*. The Sixth Circuit declined to address Klosowski's claim that his counsel had been ineffective on the grounds that the record was not sufficiently developed to address the claim. *Id*.

**I.**

On April 8, 2015, Klosowski filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his counsel had provided ineffective assistance, and that his guilty plea was not entered knowingly or voluntarily. ECF No. 41. On April 29, 2015, Respondent United States moved to dismiss Klosowski's petition, arguing that the petition was both untimely and barred by the terms of his Rule 11 plea agreement. ECF No. 46. Klosowski then filed a motion for judicial notice of pro se/jailhouse lawyers on July 24, 2015. ECF No. 58.

On February 12, 2016, Magistrate Judge Patricia T. Morris issued her report, recommending granting Respondent's motion to dismiss and denying and dismissing Klosowski's motion to vacate his sentence. ECF No. 61. The magistrate judge first determined that Petitioner Klosowski's petition had been timely filed. *Id*. Turning to the merits of Klosowski's claims, the magistrate judge found that the Sixth Circuit had already found that he had entered his guilty plea knowingly and voluntarily, and that Klosowski's sentence was within the range clearly spelled out by his Rule 11 plea agreement. The magistrate judge then rejected

Klosowski's ineffective assistance of counsel claim based on the Sixth Circuit's findings and based on a determination that the Rule 11 plea agreement contained a valid waiver clause. In the alternative the magistrate judge found that Klosowski's ineffective assistance claim failed on the merits because he could not overcome the two prong test established by the Supreme Court in *Strickland v. Washington*, 446 U.S. 668 (1994). Specifically, the magistrate judge found that Klosowski could not show that, but for his counsel's alleged ineffective assistance, he would have had a more favorable outcome. The magistrate judge therefore concluded that Klosowski's § 2255 petition should be denied. She also recommended denying Klosowski's motion for judicial notice. *Id*.

Klosowski was granted an extension of time to respond to the magistrate judge's report and recommendation. ECF No. 63. After missing his extended deadline, Klosowski filed a motion for a second extension of time. ECF No. 66. Klosowski then filed his objections on April 12, 2016. Klosowski has also filed a motion for an order directing his former defense counsel to submit an affidavit in response to his ineffective assistance claim. ECF No. 65.

**II.**

Klosowski's second motion for an extension will be addressed first. Klosowski argues that a second extension is warranted because the prison copy machine was broken and because he was continuing to work on his objections with assistance. ECF No. 66. For this reason, and because the Court prefers to decide cases on the merits rather than on technicalities, Klosowski's motion for an extension will be granted, and his objections will be accepted as filed.

**III.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must

be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

Petitioner Klosowski raises ten objections to the magistrate judge's report and recommendation. *See* ECF No. 67. Each objection will now be addressed in turn.

**A.**

In his first objection, Klosowski argues that the magistrate judge erred in determining that he understood the Rule 11 plea agreement and that his guilty plea was entered knowingly and voluntarily. His objection rests on allegations that the conduct underlying his conviction was the result of entrapment, that his attorney misled him regarding the plea agreement, and that he has been attempting to withdraw his plea since the time he was sentenced. He also argues that the magistrate judge's report and recommendation is misleading in that it does not specifically state that Klosowski does not have a 4-year college degree or a J.D.

All of these claims are without merit. As already explained by the Sixth Circuit, the record does not support a finding that Klosowski's plea was unknowing or involuntary as the plea agreement clearly spelled out his potential sentence and since Klosowski had previously entered guilty pleas to other offenses.

Furthermore, an independent review of the record reveals that Klosowski's claims are without merit. The Rule 11 Plea Agreement clearly states the factual basis for Klosowski's guilty plea and the elements of the offense for which Klosowski ultimately pled guilty. ECF No. 24. As part of the agreement, Klosowski stipulated that he was a career offender, and that the appropriate guideline range was 262 to 327 months. *Id*. The plea agreement also stated that, under the agreement, the sentence of imprisonment could not "exceed the middle of the sentencing guideline range as determined by the court pursuant to this agreement *nor fall below the low end of that range*." *Id*. at 5 (emphasis added). The agreement also noted that the Court was required by statute to impose a sentence of imprisonment of at least 120 months. The agreement clearly stated that the Government had the right to withdraw from the agreement if the Court imposed a sentence of less than 262 months, or below the low end of the guideline range as determined by the Court, whichever was higher. *Id*. at 6. The agreement also stated that

Klosowski could only withdraw from the agreement if the Court imposed a sentence higher than the maximum allowed by the agreement, i.e. the middle of the sentencing guideline range. *Id*. Finally, the plea agreement clearly stated that, as part of the agreement, Klosowski knowingly and voluntarily waived his right to attack his conviction and sentence by filing post-conviction motions, petitions, or independent civil actions. *Id*. at 7.

Klosowski signed the plea agreement on March 7, 2013, acknowledging that he had read or been read the entire document, understood it, and agreed to its terms. Klosowski's signature also acknowledged that he was satisfied with his defense counsel's representation, that he had had an opportunity to confer with his defense counsel, and that all of his questions had been answered by his defense counsel. *Id*. at 9.

Before entering his guilty plea he was placed under oath. Guilty Plea Transcript, ECF No. 34. While under oath, Klosowski informed the Court that he was not using any medications, drugs, or alcoholic beverages that could affect his ability to think or use good judgment. *Id*. at 6. He also informed the Court that he had attended Central High School, that he had two years of college, and that he was able to read and write in English. *Id*. The Court specifically found Klosowski competent to enter a knowing guilty plea. *Id*. at 7. The Court then specifically informed Klosowski that the offense for which he was entering a guilty plea was a federal offense punishable by a minimum of ten years in custody and up to a lifetime in custody. *Id*. Klosowski stated that he had spoken with his attorney about the government's burden of proof in the case, and had spoken with his attorney about his potential sentence if the government carried its burden of proof and a jury found him guilty. *Id*. at 8.

The Government then summarized the Rule 11 plea agreement to which Klosowski had agreed. The Government specifically noted on the record that the guideline range was 262 to

327 months based on Klosowski's agreement that he was a career offender based on prior drug offenses and drug trafficking convictions. *Id*. at 11. The Government further explained that the Government would have the option to withdraw from the plea agreement if the Court imposed a sentence less than 262 months, and that Klosowski would have the option to withdraw from the plea agreement and withdraw his guilty plea if the Court imposed a sentence higher than the maximum allowed under the plea agreement. *Id*.

Klosowski acknowledged on the record that he had been present while the Government outlined the plea agreement. The following exchange then took place between the Court and Klosowski:

> Q. Did you hear anything that was in any way different than your understanding?
>
> A. No, sir.
>
> Q. Has anyone offered you anything other than the provisions that were just outlined in an effort to try and convince you to enter a guilty plea?
>
> A. No, sir.
>
> Q. Has anyone used any force or coercion trying to convince you to enter a guilty plea?
>
> A. No, sir.
>
> Q. Miss Parker outlined as a part of the agreement the elements of the offense. They were that two or more people knowingly agreed to commit a drug offense, with the drug crime they agreed to was or was to possess with the intent to distribute heroin. In addition, that the conspiracy involved a hundred grams or more of a mixture or substance containing heroin. Did you understand those were the elements that defined the offense?
>
> A. Yes, your Honor.
>
> Q. There is a provision within the agreement at 1(C) that describes the factual basis for the guilty plea. It represents the facts that you are representing to the Court that form the basis for satisfying the elements of the offense to which you will be entering a guilty plea. Do you understand that?
>
> A. Yes, your Honor.

Q. Are you offering -- do you intend to offer a guilty plea to the Court --

A. Yes.

Q. -- because you think that you are responsible for the offense?

A. Yes, your Honor.

Q. Can you describe to me, in your own words, why you think you're responsible for the offense?

A. Yes, sir.

Q. What is it that you did?

A. Yes, sir. Over a period of time, I possessed and distributed heroin and co-conspired with others, including Mr. Williams, Mr. Whaley, Mr. Huggard, to get rid of heroin, more than a hundred grams totaling --

Q. Okay.

A. -- over an amount of time.

Q. Okay. Do you have the Rule 11 Agreement in front of you there?

MR. ESCOBEDO: Your Honor, I gave the Court my only copy.

MS. PARKER: He does now, your Honor.

MR. ESCOBEDO: I do now, yes.

BY THE COURT: Q. Mr. Klosowski, if you could look to the first page of the -- actually, it would be the second page of the criminal history. It references a number of prior convictions. Worksheet C.

A. Yes, your Honor.

Q. Are you familiar with the fact that those -- that reflects a summary of the date and circumstances of your prior convictions?

A. Yes, sir.

Q. You would, as a result, acknowledge that you have at least two prior felony drug trafficking convictions?

A. Yes, sir.

*See* Guilty Plea Transcript, pp. 15-17. Klosowski also acknowledged that he had sold heroin to numerous individuals, and that on at least two occasions the sales were within a thousand feet of Central High School in Bay City. *Id*. at 19-20. He also acknowledged that his two-year-old son was with him on one occasion that he purchased heroin, and that he had intended to ingest the heroin as soon as he purchased it while his son was in the car. *Id*. at 21.

Following this exchange, Klosowski entered his guilty plea. *Id*. at 22. In accepting the guilty plea, the Court stated that it was "satisfied not only that the plea is well-founded factually, I'm also satisfied that the gentleman has provided his plea freely and voluntarily and that he has done so in an intelligent manner." *Id*. Klosowski did not file any objections to the Court's acceptance of his guilty plea, nor did he attempt to withdraw his guilty plea at any time until after he received his sentence.

In light of the clear language of the Rule 11 plea agreement, Klosowski's testimony under oath at the time he entered his guilty plea, the Court's specific findings that Klosowski's guilty plea was entered knowingly, voluntarily, and without coercion, and the Sixth Circuit's affirmance of that finding, Klosowski's claims that his plea was not entered knowingly or voluntarily are without merit. Klosowski's first objection will therefore be overruled.

**B.**

In his second objection, Klosowski argues that the magistrate judge erred in determining that he entered a voluntary and knowing plea for 262 months when he in fact entered a voluntary and knowing plea for only 120 months. He argues that the magistrate judge in failing to specifically reference exhibits attached to his pleadings. He also argue that, because his attorney argued for a 120 month sentence on the record, he reasonably believed that he could receive a

120 month sentence and that he reasonably believed that he could appeal if he did not get 120 months.

As already explained above, the record clearly demonstrates that Klosowski entered a knowing and voluntary plea for any sentence within the range of 262 to 294.5 months. *See* Plea Agreement, 5 (agreeing that Klosowski's applicable guideline range was 262 to 327 months, and that the sentence of imprisonment could not "exceed the middle of the sentencing guideline range as determined by the court pursuant to this agreement nor fall below the low end of that range."). The exhibits Klosowski attached to his pleadings do not alter the fact that he knowingly and voluntarily entered into the Rule 11 plea agreement, and knowingly and voluntarily entered a guilty plea on the record under oath. Klosowski's second objection is therefore without merit and will be overruled.

## C.

In his third objection, Klosowski argues that the magistrate judge should have determined that the government was estopped from arguing that his petition was untimely. In support of this argument, Klosowski points to the Government's response to his direct appeal in which the government argued that Klosowski could not pursue a claim of ineffective assistance of counsel on direct appeal, but could later endeavor to do so through a collateral attack.

The fact that the Government previously acknowledged that Klosowski could attempt to bring his ineffective assistance claim in a collateral attack does not affect its ability to challenge such a collateral attack once it is filed. In pursuing his motion to vacate his sentence, Klosowski is still required to comply with all rules governing the filing of such claims, including the statute of limitation established by the AEDPA. Nothing about the Government's previous argument during Klosowski's direct appeal affects its ability to challenge Klosowski's petition as untimely.

Moreover, the magistrate judge rejected the Government's claim that Klosowski's petition was untimely. Klosowski's third objection is without merit and will be overruled.

### D.

Klosowski next argues that the magistrate judge erred in concluding that he is not entitled to an evidentiary hearing. Because the magistrate judge properly determined that the record conclusively shows Klosowski is not entitled to relief, the magistrate judge properly concluded that Klosowski is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2255(b). Klosowski's fourth objection will therefore be overruled.

### E.

In his fifth objection Klosowski argues that the magistrate judge erred in finding that the Sixth Circuit had already determined that he did not suffer from ineffective assistance of counsel, and that the record could not support such a claim. He also argues that the magistrate judge erred in failing to require his former defense counsel to submit an affidavit to develop the record.

Klosowski's objection misconstrues the magistrate judge's report and recommendation. Citing *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998), the magistrate judge explained that the Sixth Circuit has a longstanding policy of declining to hear direct criminal appeals based on claims on ineffective assistance of counsel. The magistrate judge therefore stated that Klosowski's ineffective assistance claim was properly before this Court as part of his indirect appeal. Considering the merits of that claim, the magistrate judge found that it "is difficult to reconcile the concepts that a prisoner made plea knowingly (*i.e.* with a full understanding of the impact of his plea) and voluntarily (*i.e.* without coercion), yet nevertheless received ineffective assistance of counsel." *See* Rep. and Rec. at 12. The magistrate judge then reviewed the record and found that Klosowski had knowingly and voluntarily waived his right to

appeal and agreed not to contest his conviction or sentence in any post-conviction proceeding. *Id*. at 12-13, citing Rule 11 Plea Agreement at 7. Because the magistrate judge independently reviewed the record and found that Klosowski had waived his right to challenge his conviction or sentence under § 2255, Klosowski's fifth objection is without merit and will be overruled.

**F.**

Klosowski next argues that the magistrate judge erred in finding that the Sixth Circuit had already determined that his plea was knowingly and voluntarily entered. This argument is without merit because the Sixth Circuit expressly found that the plea agreement was clear, that Klosowski had received the sentence for which he had bargained, and that his guilty plea was knowingly and voluntarily entered. *See* Op. & Order, ECF No. 40 ("To the extent Klosowski argues his plea was unknowing or involuntary, this is not supported by the record."). Furthermore, as detailed above, an independent review of the record shows that his guilty plea was both knowingly and voluntarily entered.

**G.**

In his seventh objection, Klosowski argues that the magistrate judge erred in finding that his ineffective assistance claim failed on the merits. As part of this objection, Klosowski repeats his meritless argument that his guilty plea was now knowing or voluntary. He also argues that he did not object to his attorney's ineffective assistance on the record at the time of his guilty plea because he had not yet received his sentence and so did not yet know that his attorney had been ineffective. He also repeats his argument that his attorney told him that he would get 120 months. Finally, he objects the magistrate judge's application of the two-prong test established by the Supreme Court in *Strickland*.

Klosowski's objection is without merit. The magistrate judge properly applied the two-part test established by *Strickland*. Under *Strickland*, Klosowski not only has to demonstrate that his counsel was ineffective, but he also has to demonstrate that but for his counsel's errors he would have received a more favorable outcome. *See Strickland*, 466 U.S. at 688, 93-94. *See also Ramonez v. Berghuis*, 490 F.3d 482, 489 (6th Cir. 2007). The magistrate judge properly concluded that Klosowski's allegations could not support an ineffective assistance claim. Klosowski's seventh objection will therefore be overruled.

**H.**

In his eighth objection, Klosowski argues that the magistrate judge erred in refusing to take judicial notice of his jailhouse attorney and erred in refusing to appoint him counsel. As explained by the magistrate judge, Klosowski's use of a jailhouse attorney is not a proper subject for judicial notice. Additionally, the Court has accepted all of Klosowski's papers as filed. Finally, as noted by the magistrate judge, because Klosowski's petition will be denied his motion for judicial notice is moot.

To the extent Klosowski argues that the magistrate judge erred in refusing to appoint him counsel, his objection is without merit. The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and the appointment of counsel is only required where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner

could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Klosowski has not met this high burden of showing that appointment of counsel is warranted. As demonstrated above, Klosowski's claims are belied by the record and without merit. Klosowski has therefore not shown that the interests of justice or due process require the appointment of counsel in this matter.

### I.

Klosowski's ninth objection is an objection to the magistrate judge's conclusions as a whole and a request for this Court to conduct a de novo review of the entire record. This is not a valid objection because it is not a specific objection. *See Mira*, 806 F.2d at 637. It will therefore be overruled.

### J.

In his final objection Klosowski objects to the requirement that he follow Eastern District of Michigan Local Rule 72.1 in filing his objections. Klosowski argues that he does not have access to the local rules, and that he is not an attorney. Because Klosowski's objections have been accepted as filed, this objection is moot and will be overruled.

### III.

Also before the Court is Klosowski's motion for an order directing his former defense counsel to submit an affidavit in response to his ineffective assistance claim. ECF No. 65. Because the record conclusively shows Klosowski is not entitled to relief there is no need to conduct discovery or hold an evidentiary hearing in this matter. Klosowski's motion will therefore be denied.

## IV.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner Klosowski's motion for an extension of time, ECF No. 66, is **GRANTED**. His objections are **ACCEPTED AS FILED.**

- 16 -

It is further **ORDERED** that Petitioner Klosowski's objections, ECF No. 67, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 61, is **ADOPTED**.

It is further **ORDERED** that Respondent United States' motion to dismiss, ECF No. 46, is **GRANTED**.

It is further **ORDERED** that Petitioner Klosowski's motion to vacate his sentence, ECF No. 41, is **DENIED AND DISMISSED**.

It is further **ORDERED** that Petitioner Klosowski's motion for judicial notice, ECF No. 58, is **DENIED**.

It is further **ORDERED** that Petitioner Klosowski's motion for an order directing his former defense counsel to submit an affidavit in response to his ineffective assistance claim, ECF No. 65, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

          s/Thomas L. Ludington
          THOMAS L. LUDINGTON
          United States District Judge

Dated: April 27, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2016.

          s/Michael A. Sian
          MICHAEL A. SIAN, Case Manager