UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA EDMOND KLOSOWSKI,

        Petitioner,

        Case No. 12-cr-20458

v

        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,    Magistrate Judge Patricia T. Morris

        Respondent.
_____/

**ORDER DENYING MOTION TO ALTER OR AMEND ORDER ON
MOTION TO VACATE PURSUANT TO RULE 59(e) AND
DENYING CERTIFICATE OF APPEALABILITY**

On August 8, 2012 a two-count indictment was issued charging Petitioner Klosowski with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and knowing distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). A superseding indictment issued on August 22, 2012 then charged Klosowski with ten additional counts, including distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), distribution of heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860(a), and use of a person under the age of 18 to assist in distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(C), and 861(a)(2). On March 12, 2013 Klosowski pled guilty to conspiring both to possess heroin with intent to distribute, and to distribute 100 grams or more of heroin within 1,000 feet of a school. ECF No. 34. Klosowski was then sentenced on June 13, 2013 to 262 months of imprisonment, 16 years of supervised release, and a special assessment of $100. ECF No. 28. Judgment was entered on June 20, 2013. *Id.*

Klosowski filed an appeal with the Sixth Circuit on June 20, 2013, and on April 16, 2014, the Sixth Circuit affirmed his sentence. ECF No. 40. In so affirming, the Sixth Circuit rejected Klosowski's claim that his guilty plea was neither knowing nor voluntary, and instead found that the plea agreement was clear and that Klosowski had received the sentence for which he had bargained. *Id*. The Sixth Circuit declined to address Klosowski's claim that his counsel had been ineffective on the grounds that the record was not sufficiently developed to address the claim. *Id*.

On April 8, 2015, Klosowski filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his counsel had provided ineffective assistance, and that his guilty plea was not entered knowingly or voluntarily. ECF No. 41. On April 29, 2015, Respondent United States moved to dismiss Klosowski's petition, arguing that the petition was both untimely and barred by the terms of his Rule 11 plea agreement. ECF No. 46. On February 12, 2016, Magistrate Judge Patricia T. Morris issued her report, recommending granting Respondent's motion to dismiss and denying and dismissing Klosowski's motion to vacate his sentence. ECF No. 61. Klosowski's objections were overruled and the report and recommendation was adopted by this Court on April 27, 2016. *See* ECF No. 68. Specifically, this Court found that the Sixth Circuit already determined that Klosowski had entered his guilty plea knowingly and voluntarily, and that Klosowski had not pled an ineffective assistance of counsel claim upon which relief could be granted of under *Strickland v. Washington*, 446 U.S. 668 (1994).

Klosowski now brings a motion to alter or amend the Court's order pursuant to Federal Rule of Civil Procedure 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a

- 3 -

judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., TN*, 402 F. App'x. 107, 108 (6th Cir. 2010). Klosowski raises eight arguments in support of altering or amending the order denying his motion to vacate, essentially arguing that the Court erred in failing to address his challenge to his guilty plea, erred in failing to grant him an evidentiary hearing, and erred in refusing to order his former counsel to provide an affidavit.

In its order denying his motion to vacate, this Court not only observed that the Sixth Circuit had found his plea to be knowing and voluntary, but determined that an independent review of the record demonstrated that his plea was both knowing and voluntary. *See* ECF No. 68 ("In light of the clear language of the Rule 11 plea agreement, Klosowski's testimony under oath at the time he entered his guilty plea, the Court's specific findings that Klosowski's guilty plea was entered knowingly, voluntarily, and without coercion, and the Sixth Circuit's affirmance of that finding, Klosowski's claims that his plea was not entered knowingly or voluntarily are without merit."). This Court also found that Klosowski could not meet his burden under *Strickland.* ("Under *Strickland*, Klosowski not only has to demonstrate that his counsel was ineffective, but he also has to demonstrate that but for his counsel's errors he would have received a more favorable outcome.… The magistrate judge properly concluded that Klosowski's allegations could not support an ineffective assistance claim."). Because Klosowski was not entitled to relief under either claim, this Court did not err in refusing to grant Klosowski an evidentiary hearing and in refusing to order his former counsel to provide an affidavit.

- 4 -

Klosowski has not shown that the order dismissing his § 2255 motion contained any clear errors of law, nor has he shown that amending the judgment is necessary to prevent manifest injustice. Klosowski's motion to alter or amend the judgment will therefore be denied.

Accordingly, it is **ORDERED** that Petitioner Klosowski's motion to alter or amend the order denying his motion to vacate, ECF No. 70, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

        s/Thomas L. Ludington  
        THOMAS L. LUDINGTON  
        United States District Judge

Dated: July 28, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2016.

        s/Michael A. Sian  
        MICHAEL A. SIAN, Case Manager