UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA EDMOND KLOSOWSKI,

        Petitioner,

        Case No. 12-cr-20458

v

        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,    Magistrate Judge Patricia T. Morris

        Respondent.
_____/

**ORDER DENYING PETITION TO REDUCE SENTENCE UNDER
AMENDMENT 794, DENYING CERTIFICATE OF APPEALIBILITY
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On August 8, 2012 a two-count indictment was issued charging Petitioner Klosowski with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and knowing distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). A superseding indictment issued on August 22, 2012 then charged Klosowski with ten additional counts, including distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), distribution of heroin within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 860(a), and use of a person under the age of 18 to assist in distributing heroin in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(C), and 861(a)(2). On March 12, 2013 Klosowski pled guilty to conspiring both to possess heroin with intent to distribute, and to distribute 100 grams or more of heroin within 1,000 feet of a school. ECF No. 34. Klosowski was then sentenced on June 13, 2013 to 262 months of imprisonment, 16 years of supervised release, and a special assessment of $100. ECF No. 28. Judgment was entered on June 20, 2013. *Id.*

Klosowski filed an appeal with the Sixth Circuit on June 20, 2013, and on April 16, 2014, the Sixth Circuit affirmed his sentence. ECF No. 40. In so affirming, the Sixth Circuit rejected Klosowski's claim that his guilty plea was neither knowing nor voluntary, and instead found that the plea agreement was clear and that Klosowski had received the sentence for which he had bargained. *Id*. The Sixth Circuit declined to address Klosowski's claim that his counsel had been ineffective on the grounds that the record was not sufficiently developed to address the claim. *Id*.

On April 8, 2015, Klosowski filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his counsel had provided ineffective assistance, and that his guilty plea was not entered knowingly or voluntarily. ECF No. 41. On April 29, 2015, Respondent United States moved to dismiss Klosowski's petition, arguing that the petition was both untimely and barred by the terms of his Rule 11 plea agreement. ECF No. 46. On February 12, 2016, Magistrate Judge Patricia T. Morris issued her report, recommending granting Respondent's motion to dismiss and denying and dismissing Klosowski's motion to vacate his sentence. ECF No. 61. Klosowski's objections were overruled and the report and recommendation was adopted by this Court on April 27, 2016. *See* ECF No. 68. Specifically, this Court found that the Sixth Circuit already determined that Klosowski had entered his guilty plea knowingly and voluntarily, and that Klosowski had not pled an ineffective assistance of counsel claim upon which relief could be granted of under *Strickland v. Washington*, 446 U.S. 668 (1994).

**I.**

Klosowski now brings a "petition" for the retroactive application of Amendment 794, which establishes a sentence reduction for those who are found to have played minor roles in conspiracies. In *United States v. Quintero-Leyva*, the Ninth Circuit held that Amendment 794

applied retroactively on direct appeal. 823 F.3d 519, 523 (9th Cir. 2016). The Sixth Circuit has subsequently adopted the reasoning and holding of *Quintero-Levya*. *United States v. Carter*, No. 15-3618, 2016 WL 5682707, at \*6 (6th Cir. Oct. 3, 2016). Amendment 794 has not, however, been held to be retroactive on collateral appeal. *See Aguas-Landaverde v. United States*, No. 2:15-CR-00183, 2016 WL 5341799, at \*2 (S.D. Ohio Sept. 23, 2016), report and recommendation adopted, No. 2:15-CR-00183(2), 2016 WL 6070480 (S.D. Ohio Oct. 17, 2016) (collecting cases); *United States v. Tapia*, No. 8:14-CR-30-T-23TBM, 2016 WL 4815150, at \*1 (M.D. Fla. Sept. 14, 2016); *United States v. Perez-Carrillo*, No. 7:14CR00050, 2016 WL 4524246, at \*1 (W.D. Va. Aug. 26, 2016); *Young v. United States*, No. 3:16-CV-3139, 2016 WL 4472937, at \*2 (C.D. Ill. Aug. 24, 2016).

"[T]he proper avenue for a defendant seeking a sentence reduction based on an amendment to the Sentencing Guidelines is to file a motion under 18 U.S.C. § 3582(c)(2)." *Young*, 2016 WL 4472937, at \*2. Construing Petitioner's motion as a motion for relief under § 3582(c)(2), Petitioner is not entitled to relief. A district may resentence a defendant pursuant to a sentencing guideline amendment only if the Sentencing Commission has determined that the amendment is retroactive. *United States v. Horn*, 679 F.3d 397, 400 (6th Cir. 2012). Amendments that have been deemed retroactive are listed in U.S.S.G. 1B1.10(d), and Amendment 794 is not listed. *See Logan v. United States*, No. 5:12 CR 286, 2016 WL 5338060, at \*5 (N.D. Ohio Sept. 23, 2016). Thus Petitioner's motion is without merit.

**II.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Petitioner's motion for a reduction of his sentence under Amendment 794, ECF No. 76, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 15, 2016

- 5 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 15, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager